FILED
MAR 21 2011
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARYL THOMASON TRUCKING, INC., PAUL TRANSPORTATION, INC., and JOHN TAPLEY FORESTRY SERVICE, INC. | ) ) ) ) ) | CASE NO.  CIV 11-098-SPS |
| Plaintiffs, | ) ) ) | COMPLAINT |
| vs. | ) ) | |
| CATERPILLAR INC., WARREN POWER & MACHINERY, INC. d/b/a WARREN CAT, and RUSH TRUCK CENTERS OF TEXAS, L.P., | ) ) ) ) | |
| Defendants. | ) | |

COME NOW the Plaintiffs, by and through counsel Jerry L. McCombs, Jerry L. McCombs, P.C., 117 N. Central, Idabel, Oklahoma, and for their Complaint against the Defendants state to the Court as follows:

### PARTIES, JURISDICTION, & VENUE

1. Plaintiff Daryl Thomason Trucking, Inc. ("Thomason") is an Oklahoma Corporation with a principal place of business in McCurtain County, Oklahoma.

2. Plaintiff Paul Transportation, Inc. ("Paul") is an Oklahoma Corporation with a principal place of business in Garfield County, Oklahoma.

3. Plaintiff John Tapley Forestry Service, Inc. ("Tapley") is an Oklahoma Corporation with a principal place of business in McCurtain County, Oklahoma.

4. Defendant Caterpillar Inc. ("Caterpillar") is a Delaware corporation that was conducting business in the State of Oklahoma at the time of the incident and may be served with process by

*consent form given*

Complaint                                                                                                                Page 1 of 12

serving its registed agent The Corporation Company at 1833 South Morgan Road, Oklahoma City, Oklahoma 73128.

5. Defendant Warren Machinery & Power, Inc. d/b/a Warren CAT ("Warren") is a Texas corporation with a principal place of business in Midland County, Texas, at the time of the incident and may be served with process by serving its registed agent Steven Lindgren at 3809 S. FM 1788, Midland, Texas 79706.

6. Defendant Rush Truck Centers of Texas, LP. ("Rush") is a Texas partnership with a principal place of business in Comal County, Texas and may be served with process by serving its registed agent Capital Corporate Services, Inc. at 800 Brazos, Suite 400, Austin, Texas 78701.

7. The Court has jurisdiction over the parties and controversy pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists.

8. Venue is proper in Oklahoma because all or a substantial part of the acts or omissions giving rise to this lawsuit occurred in Oklahoma.

9. Venue is permissive in Oklahoma because Defendant Caterpillar's authorized agent solicited the transaction in Oklahoma underlying this suit.

## COMMON ALLEGATIONS

10. On or about June 2007, Plaintiff Thomason purchased forty (40) Caterpillar C15 engines from Defendant Caterpillar, Inc.

11. On or about August 2008, Plaintiff Paul purchased forty-five (45) Caterpillar C15 engines from Defendant Caterpillar, Inc. ("Caterpillar").

12. In March 2008, Plaintiff Tapley purchased five (5) Caterpillar C15 engines from Caterpilllar Inc.

13. The engines referred to in paragraphs 10-12 of this Complaint, where installed into Peterbilt semi-trucks.

14. At the time of sale referred to in paragraphs 10-12 of this Complaint, Defendant Caterpillar's agents and representatives assured Plaintiffs that the engines were in perfect working order and without defects.

15. After the purchase of Defendant Caterpillar's engines, described in paragraphs 10-12 of this Complaint, Plaintiffs began to experience numerous breakdowns of the engines, specifically the emissions and/or regeneration systems.

16. Subsequent to the breakdowns described in paragraphs 10-12 of this Complaint, the engines went into service shops, including Defendant Rush and Defendant Warren to repair problems directly related to these systems including but not limited to:

    a. repeated instances of check engine lights illuminating;
    b. engine derating;
    c. after treatment regeneration devices plugging and/or clogging;
    d. other issues that prevented the engines from properly regenerating — a technical process that occurs within the engine wherein soot built up within the engines' diesel particulate filter is oxidized; and
    e. and all other defects that may be realized through the course of discovery.

17. Despite numerous attempts to correct the emissions and/or regeneration problems by all Defendants, Defendants have failed to correct the problems.

18. Defendants made assurances to Plaintiffs that each repair or remedy would solve the defect.

19. Plaintiffs justifiably relied on the assurances made by Defendants described in paragraph 18 of this Complaint.

20. Plaintiffs' engines and the emissions and/or regeneration systems continued to be defective.

21. Defendants have been in the business of selling and servicing the engines described in paragraphs 10-12 of this Complaint.

22. Defendants knew or should have known of the defects to the emissions and/or regeneration systems in the engines described in paragraphs 10-12 of this Complaint.

23. Prior to selling the engines, Defendant Caterpillar did not notify Plaintiffs of the defects to the engines.

24. These omissions induced Plaintiffs to purchase the defective engines.

25. As a result, Plaintiffs have suffered substantial financial losses and other damages as a result of Defendants' actions and the defective engines.

## COUNT I:
## BREACH OF IMPLIED WARRANTY

Plaintiffs for their cause of action against Defendants, state to the Court as follows:

26. Plaintiffs replead paragraphs 1 through 25 as though fully set forth herein.

27. Defendant Caterpillar impliedly assured Plaintiffs that the engines they sold Plaintiffs were free from defects and were suitable to perform duties for which they were manufactured and made.

28. The engines sold and leased to Plaintiffs were defective at the time they were sold to Plaintiffs.

29. Defendant Caterpillar has breached the implied warranty of merchantability as well as the implied warranty that the trucks were fit for the particular purpose sold which, was to power a revenue-earning over-the-road trucks.

30. All Defendants impliedly assured that the repairs to the engines would be completed in a good and workmanlike manner.

31. The engines have failed to be properly repaired and the defects have not been remedied.

32. All Defendants have breached the implied warranties to make appropriate repairs and remedies.

33. All Defendants have breached the implied warranty of good and workmanlike performance applicable to the repair services of their engines.

34. All Defendant have been notified of the defects of the engines' emissions and/or regeneration systems but have failed to correct them.

35. As a result of Defendants' breach of these warranties Plaintiff has suffered financial loss and other damages including but not limited to:

   a. Loss of profits;
   b. Downtime expenses and losses;
   c. Diminished value;
   d. The value of the purchase price of the tractor-trailer (Plaintiffs tender the trucks back in return for their full purchase price based upon the doctrine of revocation):
   e. Future repair expenses due to the defects that Defendant has failed to remedy,:
   f. Towing expenses;
   g. Lodging expenses;
   h. Unreimbursed driver downtime;
   i. Loss of revenue; and
   j. All other economic, financial, consequential and incidental damages allowed by law or equity.

36. Plaintiffs are entitled to recover all actual and economic damages, including all consequential and incidental damages listed herein, from Defendants because all exclusive or limited express warranties have failed in their essential purpose.

37. Defendants' acts have rendered all exclusive or limited express warranties inapplicable because they have failed their essential purpose in that no amount of repair has been able to remedy the defects in Plaintiffs' engines.

WHEREFORE, Plaintiffs pray for judgment against Defendant Caterpillar in an amount that will fully, fairly and adequately compensate them for their damages, together with interest as provided by law and all attorneys' fees and costs of this action.

## COUNT II:
## BREACH OF EXPRESS WARRANTY

Plaintiffs for their cause of action against Defendants, state to the Court as follows:

38. Plaintiffs replead paragraphs 1 through 25 as though fully set forth herein.

39. Defendant Caterpillar expressly assured that the engines they sold Plaintiffs were free from defects and were suitable to perform duties for which they were manufactured and made.

40. The engines sold to Plaintiffs were defective at the time they were sold to Plaintiffs.

41. All Defendants expressly assured that if a defect in the engines was found Defendants would provide parts and service needed to correct the defect.

42. The engines sold to Plaintiffs were defective at the time they were sold and Defendants have failed to remedy the defects.

43. Defendants have breached the express warranty.

44. Defendants were notified of the defects in the engine and the emissions and/or regeneration systems of the engines but have failed to correct them.

45. By failing to provide engines that met the express warranty and failing to remedy the known defects, the warranty has failed its essential purpose.

46. As a result of Defendants' breach of express warranty Plaintiffs have suffered financial loss and other damages including but not limited to:

    a. Loss of profits;
    b. Downtime expenses and losses;
    c. Diminished value;
    d. The value of the purchase price of the tractor-trailer (Plaintiffs tender the trucks back in return for their full purchase price based upon the doctrine of revocation):
    e. Future repair expenses due to the defects that Defendant has failed to remedy,:
    f. Towing expenses;
    g. Lodging expenses;
    h. Unreimbursed driver downtime;
    i. Loss of revenue; and

  j. All other economic, financial, consequential and incidental damages allowed by law or equity.

47. Plaintiffs are entitled to recover all actual and economic damages, including all consequential and incidental damages listed herein, from Defendants because all exclusive or limited express warranties have failed in their essential purpose.

48. Defendants' acts have rendered all exclusive or limited express warranties inapplicable because they have failed their essential purpose in that no amount of repair has been able to remedy the defects in Plaintiffs' engines.

  WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that will fully, fairly and adequately compensate them for their damages, together with interest as provided by law and and all attorneys' fees and costs of this action.

COUNT III:
FRAUDULENT MISREPRESENTATION

Plaintiffs for their cause of action against Defendant Caterpillar, state to the Court as follows:

49. Plaintiffs replead paragraphs 1 through 25 as though fully set forth herein.

50. Prior to June 2007, and at all times relevant, Defendant made a representation to Plaintiffs that the Caterpillar C15 engines were fit for their intended use.

51. The representation was false.

52. The representation was material.

53. Defendant knew the engines' emissions systems and/or regeneration systems were defective.

54. Defendant intended to deceive Plaintiffs.

55. Defendant intended to deceive Plaintiffs in order to induce it to purchase the defective C15 engines.

56. Plaintiffs acted in reliance on the truth of the representation and were justified in relying on the representation.

57. Prior to June 2007, and at all times relevant, Defendant made a representation to the Plaintiffs that the repairs and remedies offered would fix the known defects.

58. The representations were false.

59. The representations were material.

60. The defendant knew its representation that the repairs and remedies it offered would not fix the known defects in the C15 engines.

61. The Defendant intended to deceive the Plaintiffs.

62. The Plaintiffs acted in reliance on the truth of the representation and were justified in relying on the misrepresentations.

63. As a result of Defendant's fraudulent misrepresentations Plaintiffs suffered financial damages including but not limited to:

      a. Loss of profits;
      b. Downtime expenses and losses;
      c. Diminished value;
      d. The value of the purchase price of the tractor-trailer (Plaintiffs tender the trucks back in return for their full purchase price based upon the doctrine of revocation):
      e. Future repair expenses due to the defects that Defendant has failed to remedy,:
      f. Towing expenses;
      g. Lodging expenses;
      h. Unreimbursed driver downtime;
      i. Loss of revenue; and
      j. All other economic, financial, consequential and incidental damages allowed by law or equity.

WHEREFORE, Plaintiffs pray for judgment against Defendant in an amount that will fully, fairly and adequately compensate them for their damages, together with interest as provided by law and and all attorneys' fees and costs of this action.

## COUNT IV:
## BREACH OF CONTRACT

Plaintiffs for their cause of action against Defendants, state to the Court as follows:

64. Plaintiffs replead paragraphs 1 through 25 as though fully set forth herein.

65. Plaintiffs and Defendants entered into valid binding contracts.

66. Plaintiffs complied with all the terms and conditions of the agreement.

67. Defendants breached the contract with Plaintiffs by providing defective engines and failing to make reasonable repairs.

68. Defendants' breach was material.

69. As a result of Defendants' breach of contract Plaintiffs suffered damages including but not limited to:

   a. Loss of profits;
   b. Downtime expenses and losses;
   c. Diminished value;
   d. The value of the purchase price of the tractor-trailer (Plaintiffs tender the trucks back in return for their full purchase price based upon the doctrine of revocation):
   e. Future repair expenses due to the defects that Defendant has failed to remedy,:
   f. Towing expenses;
   g. Lodging expenses;
   h. Unreimbursed driver downtime;
   i. Loss of revenue; and
   j. All other economic, financial, consequential and incidental damages allowed by law or equity.

70. Defendants should refund the purchase price of the tractor-trailers as well as all damages relating to the breach of contract.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that will fully, fairly and adequately compensate them for their damages, together with interest as provided by law and and all attorneys' fees and costs of this action.

## COUNT V:
## OKLAHOMA CONSUMER PROTECTION ACT

Plaintiffs for their cause of action against Defendants state to the Court as follows:

71. Plaintiffs replead paragraphs 1 through 25 as though fully set forth herein.

72. Defendants violated the Oklahoma Consumer Protection Act when they engaged in false, misleading, or deceptive acts or practices that Plaintiffs relied upon to their detriment.

73. Defendants violated the Oklahoma Consumer Protection Act in that it represented that the engines and/or the emissions and/or regeneration systemns purchased were of a particular standard, quality, or grade when they were in fact that of another.

74. Defendants violated the Oklahoma Consumer Protection Act in that it failed to disclose information concerning the engines' emissions and/or regeneration systems which was known at the time of the transaction and such failure to disclose such information was intended to induce Plaintiffs into the transactions which they would not have entered into had the information been disclosed.

75. As a result of one or more of the aforesaid acts, Plaintiffs suffered damages including but not limited to:

      a. Loss of profits;
      b. Downtime expenses and losses;
      c. Diminished value;
      d. The value of the purchase price of the tractor-trailer (Plaintiffs tender the trucks back in return for their full purchase price based upon the doctrine of revocation):
      e. Future repair expenses due to the defects that Defendant has failed to remedy,:
      f. Towing expenses;
      g. Lodging expenses;
      h. Unreimbursed driver downtime;
      i. Loss of revenue; and
      j. All other economic, financial, consequential and incidental damages allowed by law or equity.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that will fully, fairly and adequately compensate them for their damages, together with interest as provided by law and and all attorneys' fees and costs of this action.

76. As a result of one or more of the aforesaid defects, Plaintiffs suffered damages including but not limited to:

   a. Loss of profits;
   b. Downtime expenses and losses;
   c. Diminished value;
   d. The value of the purchase price of the tractor-trailer (Plaintiffs tender the trucks back in return for their full purchase price based upon the doctrine of revocation):
   e. Future repair expenses due to the defects that Defendant has failed to remedy,:
   f. Towing expenses;
   g. Lodging expenses;
   h. Unreimbursed driver downtime;
   i. Loss of revenue; and
   j. All other economic, financial, consequential and incidental damages allowed by law or equity.

WHEREFORE, Plaintiffs pray for judgment against Defendant Caterpillar in an amount that will fully, fairly and adequately compensate them for their damages, together with interest as provided by law and and all attorneys' fees and costs of this action.

## PUNITIVE DAMAGES

77. Plaintiffs replead paragraphs 1 through 25 as though fully set forth herein.

78. Defendant knew or through the exercise of reasonable care should have known of the defects in the Caterpillar C15 Engine created an unreasonable risk of engine failure.

79. Defendant failed to warn or correct this defective condition.

80. Defendant's failure to warn of or correct the defective condition was willful and wanton, and as a result, Plaintiffs are entitled to punitive damages.

81. Defendant acted with willful or reckless disregard for the rights of the Plaintiffs, and as a result, Plaintiffs are entitled to punitive damages.

## JURY DEMAND

Plaintiff requests a jury trial on all issues triable to a jury.

Respectfully submitted,

BY: _____
JERRY L. MCCOMBS
Oklahoma State Bar No. 5900

JERRY L. MCCOMBS, PC
117 N. Central
P.O. Box 59
Idabel, Oklahoma
Telephone: (580) 286-6636
Facsimile: (580) 286-2163